IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **MICHAEL CRAIG BLACKMORE,** *et al* | § | **CASE NO: 05-11673** |
| Debtor(s) | § | |
| | § | **CHAPTER 7** |
| | § | |
| **PACJETS FINANCIAL LTD.** | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 06-1009** |
| | § | |
| **MICHAEL CRAIG BLACKMORE** | § | |
| Defendant | § | |

### MEMORANDUM OPINION REGARDING
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On October 16, 2006, Plaintiff filed a motion for partial summary judgment [docket no. 15]. For the reasons set forth below, the Plaintiff's motion is granted.

### Background

In 1993, Michael Craig Blackmore (the "Debtor") and his wife, Mary Christine Blackmore, filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court, Central District of California, San Bernardino Division at Case No. SB93-11265. In June 1993, Plaintiff, PACJETS Financial Ltd. ("PACJETS" or "Plaintiff") filed an adversary proceeding against the Debtor and other defendants at Adversary no. SB93-1180 DN ("California Adversary Proceeding"). The Plaintiff sought an award of damages against the Debtor based on various causes of action and sought a determination that the damages constituted a nondischargeable debt pursuant to § 523(a)(6) of the Bankruptcy Code. Plaintiff and the Debtor entered into a Stipulated Installment Judgment in the California Adversary Proceeding (the "Judgment").

1

Paragraph one of the Judgment provides, in relevant part:

> Judgment will enter in favor of plaintiff and against defendant Michael Blackmore, in the amount of $45,000. Upon entry of the judgment, interest shall begin to accrue and be compounded pursuant to applicable federal law. It is understood and agreed between the parties that the subject judgment will be non-dischargeable in any future bankruptcy proceeding.

On October 14, 2005, the Debtor filed a second chapter 7 bankruptcy petition in this Court. On March 24, 2006, Plaintiff filed this adversary proceeding objecting to the discharge of the Judgment debt. The Plaintiff argues that the terms of the Judgment are res judicata in this proceeding. The Debtor filed an answer, alleging various defenses. On October 16, 2006, Plaintiff filed a motion for summary judgment, seeking a determination that the Judgment is binding upon the Debtor in this proceeding so that the debt is nondischargeable as a matter of law. The Debtor did not file a response.

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary

judgment analysis.  *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006)**.**  A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000).  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557.  The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005).  When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position.  *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

## Analysis

Section 523 provides that certain debts will not be discharged in bankruptcy.  *See* 11 U.S.C. § 523.  The burden of proof rests on the creditor to prove its claim of nondischargeability by a preponderance of the evidence.  *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).

Claim preclusion applies in bankruptcy proceedings and bars relitigation of a claim in a subsequent suit if: (1) the two actions involve the same parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final adjudication on the merits; and (4) the same cause of action was involved in both cases.

*Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 326 (5th Cir. 2006); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).[1]

The Judgment meets all requirements for claim preclusion. Both the Plaintiff and the Debtor were involved in the California Adversary Proceeding, and both parties were represented by counsel. The United States Bankruptcy Court for the Central District of California is competent to determine whether a debt is excepted from discharge. The debt was specifically excepted from discharge by the Judgment entered in the California Adversary Proceeding. No appeal was taken. Finally, the same cause of action—whether the debt is excepted from discharge—is at issue in each adversary proceeding. Accordingly, claim preclusion bars relitigation of the issue of dischargeability. *See also In re Moncur*, 328 B.R. 183 (B.A.P. 9th Cir. 2005).

The Court recognizes that § 523(b) provides a limited exception to the foregoing principles in bankruptcy. Section 523(b) provides that certain debts that were excepted from discharge in an earlier bankruptcy case may be dischargeable in a later case. By negative implication, the general rule is that all other debts held to be nondischargeable are always thereafter nondischargeable. *Id*. at 189. The debts that fall within § 523(b) are those that were nondischargeable under § 523(a)(1), (3) and (8) of the Bankruptcy Code as well as those under § 17a(1), (3) and (5) of the Bankruptcy Act. Because a debt held nondischargeable under § 523(a)(6) is not one of the debts listed in § 523(b) that can be discharged in a subsequent bankruptcy, it is always nondischargeable.

In his answer,[2] the Debtor alleges various defenses with respect to the Plaintiff's ability to enforce and collect the Judgment. In the complaint, the Plaintiff only seeks a

---

[1] Claim preclusion applies whether a judgment is entered by a court after trial or upon the consent of the parties. *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 476 (Fed. Cir. 1991).

[2] The Debtor did not file a response to the Plaintiff's motion for summary judgment.

4

determination that the debt is excepted from discharge. Accordingly, the Court will not address these additional issues concerning the enforceability of the Judgment that are better left to a non-bankruptcy court. The Debtor further alleges that he was informed by counsel and Judge Goldberg that the Judgment would be unenforceable in a subsequent chapter 13 proceeding. As a general rule, agreed judgments are to be construed like other written instruments. *See, e.g., Dean v. City of Shreveport*, 438 F.3d 448, 460 (5th Cir. 2006). Extrinsic evidence is inadmissible to vary or contradict unambiguous terms which must be given their usual and ordinary meaning. *United States v. Asarco, Inc.*, 430 F.3d 972, 980 (9th Cir. 2005); *Narramore v. United States*, 852 F.2d 485, 490 (9th Cir. 1988) (a court may not consider extraneous evidence to explain an unambiguous judgment). In this case, the Judgment is unambiguous. As a matter of law, the Court finds that the Judgment is non-dischargeable in bankruptcy.

## Conclusion

The material facts are undisputed. Based on the foregoing, Plaintiff's motion for summary judgment is granted. A separate judgment will be issued.

Signed at Houston, Texas, on December 4, 2006.

_____
MARVIN ISGUR
United States Bankruptcy Judge

5